# 15-3489-cv

# United States Court of Appeals
## for the
## Second Circuit



JOEL R. McDONALD, aka Joel Mac,

*Plaintiff-Appellant,*

– v. –

KANYE WEST, JAY-Z, aka Shawn Carter, MIKE DEAN,
UNIVERSAL MUSIC GROUP, ROC-A-FELLA RECORDS LLC,
DEF JAM MUSIC, ROC NATION LLC,

*Defendants-Appellees,*

FRANK OCEAN, aka Christopher Breaux, SHAMA JOSEPH, DOES 1–10, inclusive,

*Defendants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES

PRYOR CASHMAN LLP
*Attorneys for Defendants-Appellees*
7 Times Square
New York, New York 10036
(212) 421-4100

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure:

1.      Defendant-Appellee UMG Recordings, Inc. represents that its indirect, ultimate parent is Vivendi, S.A., a publicly-traded French corporation.  No publicly traded company other than Vivendi, S.A. owns more than 10% of its stock.

2.      Defendant-Appellee Def Jam Recordings represents its indirect, ultimate parent is Vivendi, S.A., a publicly-traded French corporation.  No publicly traded company other than Vivendi, S.A. owns more than 10% of its stock.

3.      Defendant-Appellee Roc-A-Fella Records, LLC represents that its indirect, ultimate parent is Vivendi, S.A., a publicly-traded French corporation. No publicly traded company other than Vivendi, S.A. owns more than 10% of its stock.

4.      Defendant-Appellee Roc Nation LLC represents that it does not have a parent corporation and that Live Nation Entertainment, Inc., a publicly-traded corporation, owns 10 percent or more of its stock.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT .............................................................1

COUNTERSTATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ..............................................................5

COUNTERSTATEMENT OF THE CASE................................................6

    I.    The Parties.................................................................6

        A.    Plaintiff-Appellant McDonald ............................6

        B.    Defendants-Appellees .......................................7

    II.    Procedural History ....................................................7

        A.    McDonald Brings Suit For Infringement..............7

        B.    The District Court Grants Defendants' Motion To Dismiss
            The Amended Complaint In Its Entirety ...........10

SUMMARY OF THE ARGUMENT ......................................................15

ARGUMENT ..................................................................................16

    I.    Standard Of Review ..................................................16

    II.    The District Court's Dismissal Of The Amended Complaint
        Should Be Affirmed Because McDonald Has Not Stated A
        Cognizable Copyright Infringement Claim Against Defendants
        Based On The Two Songs At Issue And Cannot Do So............18

    A.    The District Court Applied The Correct Standard In
        Evaluating Whether McDonald Pled A Cognizable Claim
        For Copyright Infringement .......................................19

## <u>TABLE OF CONTENTS,</u> *continued*

B.   The District Court Properly Concluded That No
     "Substantial Similarity Exists Between McDonald's Song
     And Defendants' Song .................................................................22

C.   The District Court Properly Held That Themes Are
     Unprotectable And, In Any Event, the Songs Do Not Share
     A Theme .......................................................................................27

CONCLUSION .......................................................................................32

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                                        <u>PAGE(s)</u>

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..........................................................................16

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts*
    *Worldwide, Inc.,*
    369 F.3d 212 (2d Cir. 2004) .............................................................17

*Boisson v. Banian, Ltd.,*
    273 F.3d 262 (2d Cir. 2001) ..................................................... 20, 22

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002) .............................................................17

*Crane v. Poetic Products Ltd.,*
    593 F. Supp. 2d 585 (S.D.N.Y. 2009),
    *aff'd*, 351 F. App'x 516 (2d Cir. 2009) .............................................25

*Edwards v. Raymond,*
    22 F. Supp. 3d 293 (S.D.N.Y. 2014) ......................................... 26, 31

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,*
    499 U.S. 340 (1991) ..........................................................................20

*First Nationwide Bank v. Gelt Funding Corp.,*
    27 F.3d 763 (2d Cir. 1994) ...............................................................16

*Hamil Am., Inc. v. GFI,*
    193 F.3d 92 (2d Cir. 1999) ...............................................................19

*Harper & Row Publishers, Inc. v. Nation Enters.,*
    471 U.S. 539 (1985) ..........................................................................25

*Hoehling v. Universal City Studios, Inc.,*
    618 F.2d 972 (2d Cir. 1980) ..................................................... 25, 28

*Klauber Bros. v. Bon-Ton Stores, Inc.,*
    557 F. App'x 77 (2d Cir. 2014) .........................................................18

**CASES** PAGE(s)

*Knitwaves, Inc. v. Lollytogs Ltd.,*
    71 F.3d 996 (2d Cir. 1995) ........................................................................ 21, 22

*Lentell v. Merrill Lynch & Co.,*
    396 F.3d 161 (2d Cir. 2005) ...............................................................16

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,*
    602 F.3d 57 (2d Cir. 2010) ........................................................ *passim*

*Peters v. West,*
    692 F.3d 629 (7th Cir. 2012) ...............................................................26

*Pyatt v. Raymond,*
    No. 10 Civ. 8764(CM), 2011 U.S. Dist. LEXIS 55754 (S.D.N.Y. May 19,
    2011), *aff'd*, 462 F. App'x 22 (2d Cir. 2012)......................................18

*Repp v. Webber,*
    132 F.3d 882 (2d Cir. 1997) ...............................................................21

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ...........................................................................17

*Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.,*
    338 F.3d 127 (2d Cir. 2003) ................................................... 14, 22, 23

*Walker v. Time Life Films, Inc.,*
    784 F.2d 44 (2d Cir. 1986) ..................................................................28

*Zalewski v. Cicero Builder Dev., Inc.,*
    754 F.3d 95 (2d Cir. 2014) .......................................................... 20, 21

**STATUTES**

Fed. R. Civ. P. 12(b)(6).................................................................. *passim*

17 U.S.C. § 101, *et seq.*...............................................................5

28 U.S.C. § 1291 ...........................................................................5

28 U.S.C. § 1331 ...........................................................................5

28 U.S.C. § 1338...........................................................................5

iv

## **PRELIMINARY STATEMENT**

Plaintiff-Appellant, Joel McDonald ("Appellant" or "McDonald"), has brought this misguided Appeal in an attempt to reverse the thoughtful and well-reasoned decision of the United States District Court for the Southern District of New York (Nathan, J.) (the "District Court") dismissing McDonald's Amended Complaint for copyright infringement (the "Amended Complaint") against Defendants-Appellees Kanye West ("West"), Jay-Z, a/k/a Shawn Carter ("Carter"), UMG Recordings, Inc. ("UMG"), Roc-A-Fella Records, LLC ("Roc-A-Fella Records"), Def Jam Recordings, a division of UMG Recordings, Inc., Mike Dean ("Dean") and Roc Nation LLC ("Roc Nation") (collectively, "Defendants").

McDonald brought suit in 2014 claiming that, in 2008, he wrote a musical composition entitled, "Made in America" ("McDonald's Song"). McDonald claims that Defendants' musical composition – also entitled, "Made In America," which was recorded by defendants West and Carter and released over three and a half years earlier, on August 8, 2011 ("Defendants' Song") – infringes McDonald's copyright in his song. McDonald's claims were based primarily on the fact that (i) both songs share the unprotectable title, "Made in America," (ii) McDonald's Song has the lyric "Made in America" while Defendants' Song has the lyric "Made it in America"; and (iii) both songs make fleeting reference to the historical figures Malcolm X and Martin Luther King, Jr., among others. In the District Court below,

McDonald also claimed vague musical similarities between the two songs, which were rejected by the District Court and have been abandoned on appeal.

The District Court properly compared the two works at issue and examined both the individual elements of McDonald's Song that were allegedly infringed – each of which were held to be non-copyrightable – and engaged in a holistic comparison of the two works as whole under the controlling test for substantial similarity. The District Court determined on Defendants' 12(b)(6) motion, as a matter of well-established precedent, that no substantial similarity existed between the two songs and thus McDonald had not – and could not – state a claim for infringement as a matter of law.

Defendants respectfully suggest that this Court need not do much more than listen to the two songs at issue in order to determine that the dismissal of this infringement claim was entirely proper. A simple aural comparison will underscore the District Court's finding that these are two "profound[ly] dissimilar[]" works and that "no reasonable jury could find them to be substantially similar." (A. 25-26.)[1] Indeed, the two works at issue share painfully little similarity stylistically, thematically or even lyrically (and McDonald now concedes nothing similar musically).

On appeal, McDonald, now appearing *pro se,* concedes the following:

---

[1] McDonald's Appendix will be cited as "A.__."

- He concedes that the Court can consider the two songs at issue on a Rule 12(b)(6) motion and if, after reviewing the two songs, the Court finds that no protectable expression has been allegedly copied, it can and should dismiss McDonald's copyright infringement claim;

- He further concedes that the phrase "made in America" is not something original to him and that he cannot claim ownership of that phrase;

- He concedes (as he must) that his song uses the phrase "made in America" while Defendants use the phrase "made it in America";

- He also concedes that he cannot claim ownership of a title, or of someone else's name, and particularly not historical figures such as Martin Luther King, Jr. or Malcolm X;

- He concedes the District Court properly held that none of the individual lyrical (or musical) features at issue constitute protectable expression; and

- He concedes that there are no actionable similarities between the music of the two songs, abandoning the arguments made in opposition to Defendants' motion.

McDonald takes issue with only two findings of the District Court:  First, he argues that the District Court erred in applying the "more discerning observer" test

3

in determining whether the two works at issue are "substantially similar" – even though he fails to cite any case that reject this test and, in fact, the cases he cites actually applied that very (well-established) standard when evaluating the plaintiff's infringement claims. (*See* Brief of Appellant Joel R. McDonald, dated February 26, 2016 ("App. Br."), at 11-13.) The District Court discussed in great detail the relevant test for determining whether a claim for copyright infringement has been pled and, more specifically, whether a plaintiff has adequately pled substantial similarity, and held, under this well-established precedent, that no such claim had or could be pled. The District Court analyzed the works at issue and then engaged in a holistic comparison of the two songs as whole works in determining that the mere inclusion of references to Martin Luther King, Jr., Malcolm X, and "made in America"/"made it in America" in the same order did not render the two songs substantially similar as a matter of law.

Second, McDonald argues that the District Court erred in holding that the two works do not share a "theme" (App. Br. at 13-15) – even though this alleged "error" cannot possibly be reversible error, as themes are not protectable. A simple comparison of the lyrics to the two songs reveals that the songs have entirely different themes that are expressed in completely different manners. Moreover, even if the two songs did share a theme, McDonald does not – and cannot – dispute the basic tenet of copyright law that themes, or ideas, are not protectable as a

matter of law.  Thus, it does not matter if one can come up with a broad enough thematic similarity between the two works – the issue on substantial similarity is how those themes are expressed.  Here, whether or not the themes are similar or not at a highly-abstracted level, the District Court properly held – and McDonald concedes – that they are expressed entirely differently.

It is respectfully submitted that there is no substitute for the actual, aural comparison of the two songs at issue.  Defendants respectfully submit that, as the District Court found, this Court can hear for itself that no reasonable jury could find substantial similarity between the two works at issue.  No amount of discovery could possibly change that.  Accordingly, dismissal at this stage was entirely proper and the District Court's  decision should be affirmed.

## COUNTERSTATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The District Court had subject matter jurisdiction pursuant to the United States Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338, and 28 U.S.C. § 1331.

This Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 1291. Final judgment dismissing the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was entered in the District Court below on September 30, 2015.  (A. 10-11, Dkt. Nos. 42-43.)  Appellant filed a timely notice of appeal on October 29, 2015.  (A. 11, Dkt. No. 44; A. 31.)

## COUNTERSTATEMENT OF THE CASE

### I. The Parties

#### A. Plaintiff-Appellant McDonald

McDonald is a self-described "artist of modest means." (SA. 10, ¶ 25.)[2] According to the Amended Complaint, McDonald wrote and recorded an album entitled "Joel Mac Songs" in his apartment in 2008. (*Id.* ¶ 23.) McDonald's Song is purportedly the second track on that album. (*Id.*) McDonald alleges that he has attempted to sell his album through various online retailers, and that he sold an unspecified number of his CDs on the street in the "SoHo" neighborhood of Manhattan. (*Id.* ¶ 26.)

McDonald claims Defendants had access to his song through defendant Mike Dean, "a long-time collaborator with defendant West" who allegedly purchased one of McDonald's CDs.[3] (SA. 11, ¶ 30.) McDonald alleges that Dean communicated with McDonald "almost on a daily basis, about plaintiff's music and the production of the [A]lbum going on in the Mercer Hotel." (*Id.* ¶ 31.)

---

[2] Defendants' Supplemental Appendix will be cited as "SA.__."

[3] Defendants assume the truth of McDonald's allegations of access for the purposes of their Motion to Dismiss and this Appeal only. Given the lack of protectable expression that is alleged to be at issue herein, McDonald's allegations of access are irrelevant, as copying is presumed for the purposes of this motion only. Should any portion of McDonald's claim survive dismissal, Defendants intend to vigorously dispute McDonald's allegations of both access as well as copying.

### B.     Defendants-Appellees

Mr. West and Mr. Carter are enormously successful entertainers, songwriters, recording artists and music producers, winning over 35 Grammy Awards and selling over 100 million albums between them, with most of their albums going platinum.  McDonald alleges that Mr. West and Mr. Carter released Defendants' Song on August 8, 2011 on their collaborative studio album entitled, "Watch the Throne" (the "Album").  (*Id.* ¶ 32.)  The Album debuted at number one on the US Billboard 200 chart, sold over 400,000 copies in its first week of release, and earned Messrs. Carter and West seven Grammy Award nominations.  According to the Amended Complaint, UMG manufactured, distributed and sold the Album, which embodied Messrs. West's and Carter's recording of Defendants' Song.  (SA. 8-9, ¶ 18.)  The Amended Complaint also alleges that Def Jam Recordings, Roc Nation and Roc-A-Fella Records marketed the Album.  (SA. 9, ¶¶ 19-21.)

## II.     <u>Procedural History</u>

### A.     McDonald Brings Suit For Infringement.

On November 4, 2014, over three years after the release of Defendants' Song, McDonald filed the initial complaint in this Action ("Complaint").  (A. 5, Dkt. No. 1.)  McDonald originally based his single claim for copyright infringement on the following purported similarities between the two musical compositions:

1.  Both songs share the same title, "Made in America."

2. McDonald's Song contains the lyrical phrase "Made in America," and Defendants' Song contains the lyrical phrase "Made it in America."

3. Both songs "evoke the same creative theme" by referencing historical figures Martin Luther King, Jr. and Malcolm X.

4. Both songs employ the concept of using instrumental sections at the beginning and towards the end of each song.

5. Both songs have similar tempos and employ other "techniques" such as "alliteration."

Defendants moved to dismiss the Complaint on January 15, 2015 ("Defendants' Prior Motion"). (A. 7, Dkt. No. 16.) Defendants argued in their Prior Motion that, *inter alia,* the supposed "similarities" alleged by McDonald consist of nothing more than words, phrases, musical concepts, "techniques" and "themes" which are not protectable as a matter of well-established copyright jurisprudence and that the two songs, as whole works, are entirely different. After Defendants filed their Prior Motion, the District Court issued an Order, dated January 16, 2015, giving McDonald an opportunity to amend his Complaint to cure the deficiencies briefed in Defendants' Prior Motion. (A. 7, Dkt. No. 17.)

On February 5, 2015, McDonald filed his First Amended Complaint ("Amended Complaint"). (A. 7, Dkt. No. 19; SA. 1-18.) Despite having had the benefit of Defendants' Prior Motion, the Amended Complaint did nothing more

than acknowledge that the alleged similarities are limited to unprotectable elements, notwithstanding McDonald's attempt to describe these unprotectable elements in a more detailed fashion.

On February 25, 2015, Defendants moved to dismiss the Amended Complaint (the "Motion to Dismiss"). (A. 8, Dkt. No. 25.) In support of their motion, Defendants filed the Declaration of Ilene S. Farkas, Esq. which attached, *inter alia*, exhibits containing the lyrics to both songs and a CD containing audio recordings of both songs. (A. 8, Dkt. No. 26; SA. 11 ¶ 3-4; SA. 19-24.)

On March 17, 2015, McDonald filed his Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint and an accompanying Affirmation of Anthony A. LoPresti – McDonald's counsel in the District Court action. (A. 9, Dkt. No. 31-32.)

On March 19, 2015, Defendant Mike Dean filed a Notice of Joinder pursuant to which he joined, adopted, and incorporated by reference all of the arguments and authorities contained in Defendants' Motion to Dismiss the Amended Complaint. (*Id.*, Dkt. No. 35.) Defendants then filed their Reply Memorandum of Law in Further Support of their Motion to Dismiss on March 27, 2015. (*Id.*, Dkt. No. 38.)

**B.      The District Court Grants Defendants' Motion To Dismiss
The Amended Complaint In Its Entirety.**

In a Memorandum and Order, dated September 30, 2015 (the "Order")
(A. 10, Dkt. No. 42; A. 12-30) and a September 30, 2015 judgment (the
"Judgment") (A. 11, Dkt. No. 43), the District Court granted Defendants' Motion
to Dismiss.  The Order sets forth a detailed discussion of the legal standard for
copyright infringement and the appropriateness of evaluating the question of
substantial similarity on a motion to dismiss pursuant to Rule 12(b)(6).  (A. 15.)
The District Court concluded, based on well-established precedent, that it could
compare the two songs at issue on such a motion to determine whether a claim for
infringement had been stated. The District Court explained that if it determined
"(1) that any similarity between the two works concerns only non-copyrightable
parts of Plaintiff's song, or (2) that no reasonable jury properly instructed could
find substantial similarity on the facts of this case, then the two songs are not
substantially similar as a matter of law" and the copyright infringement claim must
be dismissed.  (A. 19.)

The District Court also set forth the well-established test to be applied when
determining substantial similarity.  Judge Nathan explained that the standard for
substantial similarity is the "ordinary observer" test, *i.e.*, "whether an ordinary
observer, unless he set out to detect the disparities, would be disposed to overlook
them, and regard the aesthetic appeal as the same."  (A. 17-18 (quoting *Peter F.*

*Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010).)

Yet where, as here, non-protectible elements are claimed to have been copied, the

Court applies a "more discerning observer" test:

> When a plaintiff alleges infringement of a copyrighted work that incorporates significant elements from the public domain, however, the 'ordinary observer' test 'must become 'more discerning.' *Boisson* [*v. Banian, Ltd.*]*,* 273 F.3d [262,] 272 [(2d Cir. 2001)]. It would be unfair to impose copyright liability if the defendant copied something from the plaintiff that the latter had no right to control. Applying this 'more discerning observer' test, the Court must look for substantial similarity between the allegedly infringing work and the original, protected elements of the plaintiff's creation. *Id.*
>
> If a defendant copies a specific original piece of a plaintiff's work, that alone (depending on the facts) may be enough to create substantial similarity between the two pieces. However a court applying the 'more discerning observer' test may not simply 'dissect the works at issue into separate components and compare only the copyrightable elements.' *Id.* This would narrow copyright too much, and render protection for the selection and arrangement of public domain elements a dead letter. *Id.* When applying the 'more discerning observer' test, the Court must make sure to engage in a holistic comparison of the two works, looking for substantial similarity that is apparent 'only when numerous aesthetic decisions embodied in the plaintiff's work of art – the excerpting, modifying, and arranging of [unprotectible components]… – are considered in relation to one another.' *Peter Gaito,* 602 F.3d at 66 (alterations in original).

(A. 18.)

The District Court devoted nine pages to analyzing each claimed similarity

between the two songs. (*See* A. 19-27.) Specifically, Judge Nathan analyzed the

lyrics of the two songs and concluded that (1) the phrase "Made in America" is not

copyrightable, either as a title or a lyric; (2) the fact that each song references the historical figures "Martin Luther King, Jr.," "Malcolm X" and the unprotectable phrase "made in America" in the same order and allegedly share a "theme" that these significant historical figures were "made in America" is not actionable because McDonald cannot claim copyright over names of historical figures, the pairing of two significant leaders of the Civil Rights Movement is not an original selection and arrangement, and a theme of "referencing significant Americans" is "an uncopyrightable idea"; and (3) any "alliteration" resulting from both songs' use of the "M/Ma" sound at the beginning of "Martin," "Malcolm" and "made" is "unavailing" and not protectable. (A. 20-22.)

The District Court applied a similarly detailed analysis to the alleged musical similarities between the two songs and concluded that: (1) the use of melodic eight-bar sections in the introduction and closing of both songs followed by mentions of "made in America" or "we made it in America" does not allege substantial similarity because "[m]usical structures composed of eight-bar phrases are so commonplace" that they cannot be protectable and Defendants' chorus "is substantially more complex than simply singing 'made in America' immediately after the intro/outro"; (2) McDonald's allegation that Defendants' Song is infringing because both songs have an "anthemic feel and tone," are "slow and contemplative" and have similar tempos must fail because feel and tone cannot be

copyrighted in the abstract and tempo is a basic element of music that is in the public domain; (3) the claim that both songs use "shuffling percussion", without more, is too vague, as it "simply describes a rhythm's style or general feel" which are "both uncopyrightable"; (4) the fact that both songs *lack* a pronounced bass line is insufficient to allege substantial similarity because "musical compositions without a strong bass line are common" and McDonald "cannot own the absence of bass"; and (5) McDonald's claim that both songs employ "melisma in the hook, and use a long 'a' sound at the end of 'America'" fails because the general use of a technique like melisma in the chorus and the holding of the final syllable of a word like "America" are "too basic and commonplace to be protectable." (A. 22-23.)[4]

After finding that none of the allegedly infringed elements constituted protectable expression, the District Court did not stop there. Judge Nathan then applied the "more discerning observer" test by conducting "a holistic comparison between the two songs." (A. 23-27.) Indeed, the District Court expressly noted that "[e]ven if the individual elements that make up Plaintiff's song are uncopyrightable, they may represent a protected selection and arrangement of unprotectable elements." (A. 23.) The District Court explained that it is obligated to check for substantial similarity apparent "only when numerous aesthetic decisions embodied in the plaintiff's work…are considered in relation to one

---

[4] McDonald has abandoned any claim of infringement based on the music of the two songs on appeal.

another." (*Id.* (quoting *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 134 (2d Cir. 2003).))

Judge Nathan emphasized at the outset of this analysis that simply listening to the two songs side by side "makes clear that no reasonable jury could conclude that they are substantially similar." (A. 23.) Nevertheless, the District Court proceeded to conduct a lengthy and well-reasoned holistic comparison of the two works and found no substantial similarity between the songs as a matter of law.

Specifically, the District Court explained:

[N]o reasonable jury could find the lyrics of the two songs to be substantially similar. To put [McDonald's] claim in the best possible light, the original expression that Defendants might have taken from his lyrics is a selection and arrangement of public domain elements: the names of Martin Luther King, Jr. and Malcolm X, combined into a hook with the phrase 'made in America,' and a theme that he characterizes as 'referencing significant Americans.' . . .

Insofar as [McDonald] and Defendants draw on the same public domain material, they selected and arranged it differently. And insofar as [McDonald] and Defendants share the theme of how Civil Rights figures were made in America, they expressed it differently."

(A. 24-25.)

Moreover, with respect to the holistic assessment of the music of the songs, the District Court concluded that the "more discerning observer" test is not even necessary because "a comparison of recordings of the two songs makes clear that no reasonable jury could find them to be substantially similar." (A. 26.) The District Court further explained that "the tracks musically have little in common

14

beyond their genre and uncopyrightable tempo" – they have different melodies set over different percussion, different types of vocals, and different overall feels.[5] Accordingly, Judge Nathan granted Defendants' Motion to Dismiss in its entirety. (A. 26-27.)

On October 29, 2015, McDonald filed a Notice of Appeal. (A. 11, Dkt. No. 44; A. 31.)

## SUMMARY OF THE ARGUMENT

The District Court's dismissal of the Amended Complaint for failure to state a claim under Rule 12(b)(6) should be affirmed. The District Court properly held that McDonald has not pled a claim for copyright infringement based on the two works at issue, and indeed cannot.

Every one of the alleged similarities between the two songs are commonplace themes, phrases and names, are unoriginal to McDonald, and are unprotectable as a matter of law. Furthermore, after conducting a thorough and comparison of the lyrics and recordings of the two songs, Judge Nathan correctly held that no reasonable jury could find the two songs to be substantially similar as a matter of law. The District Court also listened to the two songs and determined,

---

[5] McDonald concedes that the District Court properly held that there is no substantial similarity between the music of the two songs. The District Court correctly concluded that "[l]istening to the two tracks side by side demonstrates beyond dispute how little they have in common" and that the "major differences" between the two songs "nonetheless detract from any plausible claim of substantial similarity." (A. 27.)

as this Court can do, that the two works were "profound[ly] dissimilar[]." (A. 25.) Indeed, the two songs share virtually nothing in common aside from their shared (unoriginal) title and passing (unprotectable) references to historical figures Martin Luther King, Jr. and Malcolm X – and each song's expression of these unprotectable elements is distinct. Accordingly, under the relevant standard, it is clear that the District Court properly held that McDonald cannot plead a claim for copyright infringement against Defendants as a matter of well-settled copyright law.

## ARGUMENT

## I.    Standard Of Review

This Court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010). While factual allegations in a complaint are generally taken as true on a motion to dismiss, "'conclusions of law or unwarranted deductions of fact are not admitted.'" *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005) (quoting *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994)). Dismissal is warranted where the complaint fails to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When deciding a motion to dismiss under Rule 12(b)(6), the Court may consider the pleadings, as well as materials incorporated into the complaint by reference, materials that the plaintiff relied on in bringing suit, materials integral to the complaint, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). McDonald concedes that in an action for copyright infringement, "the works themselves supersede and control contrary descriptions of them . . . including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Peter F. Gaito Architecture*, 602 F.3d at 64 (citation and quotations omitted).

It is undisputed that the District Court properly considered the following integral materials, in addition to the facts alleged in the Amended Complaint, in deciding the Motion to Dismiss pursuant to 12(b)(6): (1) McDonald's Song (SA. 19-20 (Track 1)); (2) Defendants' Song (*id.* (Track 2)); and (3) the lyrics to each song (SA. 21-24). (*See* A. 14.)

McDonald further concedes that, if, after comparing the two songs at issue, Judge Nathan found that no protectable elements had been copied or that there was no substantial similarity of the works as a whole, it was entirely appropriate for the

17

District Court to dismiss his infringement claim as a matter of law.  (A. 14-15.)
*See Peter F. Gaito Architecture*, 602 F.3d at 64 (affirming dismissal of plaintiff's
copyright infringement claim and explaining that "it is entirely appropriate for the
district court to consider the similarity between [contested] works in connection
with a motion to dismiss, because the court has before it all that is necessary in
order to make such an evaluation"); *see also Klauber Bros. v. Bon-Ton Stores, Inc.*,
557 F. App'x 77, 80 (2d Cir. 2014) (summary order) ("While substantial similarity
is often a question of fact reserved for the trier of fact, 'it is entirely appropriate for
a district court to resolve that question as a matter of law' if 'no reasonable jury,
properly instructed, could find that the two works are substantially similar.'"
(citation omitted)); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2011 U.S. Dist.
LEXIS 55754, at *13-27 (S.D.N.Y. May 19, 2011) (dismissing copyright
infringement claim on 12(b)(6) motion after comparing lyrics and sound
recordings at issue because no substantial similarity existed between defendant's
song and any protectable element of plaintiff's song), *aff'd*, 462 F. App'x 22 (2d
Cir. 2012) (summary order).

## II.    The District Court's Dismissal Of The Amended Complaint Should Be Affirmed Because McDonald Has Not Stated A Cognizable Copyright Infringement Claim Against Defendants Based On The Two Songs At Issue And Cannot Do So.

To state a claim for copyright infringement, "a plaintiff with a valid
copyright must demonstrate that: (1) the defendant has actually copied the

18

plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture*, 602 F.3d at 63 (quoting *Hamil Am.*, *Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)). Here, the District Court assumed, for purposes of the motion to dismiss only, that actual copying by the Defendants occurred. Thus, the principal issue analyzed by Judge Nathan – and the only issue raised on this appeal – is whether substantial similarity exists between Defendants' Song and the protectable elements of McDonald's Song.

McDonald raises two objections to the District Court's Order. First, he argues that the District Court applied the wrong standard when it applied the "more discerning observer" test to determine whether substantial similarity exists. (App. Br. at 11-13.) Second, he argues that the District Court erred in finding that the two songs do not share an (unprotectable) theme. (*Id.* at 13-15.) Both of these bases for appeal are unavailing and are addressed below.

### A.  The District Court Applied The Correct Standard In Evaluating Whether McDonald Pled A Cognizable Claim For Copyright Infringement.

The District Court correctly held that "[n]ot every aspect of every creative work is protected by copyright." (A. 16.) As this Court has explained:

> A fundamental rule of copyright law is that it protects only 'original works of authorship,' those aspects of the work that originate with the author himself. 17 U.S.C. § 102(a). Everything else in the work, the history it describes, the facts it mentions, and the ideas it embraces, are in the public

domain free for others to draw upon.  It is the peculiar *expressions* of that history, those facts, and those ideas that belong exclusively to their author.

*Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 102 (2d Cir. 2014) (emphasis in original); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Boisson v. Banian, Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001) ("an element within a work may be unprotectible even if other elements, or the work as a whole, warrant protection."); A. 16-17.

As the District Court explained, in order to show unlawful copying, "a plaintiff must demonstrate 'substantial similarity' between  defendant's work and *protectable* elements of his own."  (A. 17 (emphasis added).)  *See also Zalewski*, 754 F.3d at 101 (explaining that the term "substantial similarity" is "properly reserved for similarity that exists between the protected elements of a work and another work").  Where the alleged similarities relate to material that is not original to the plaintiff or otherwise consists of unprotected elements such as themes, common rhythms, song structures, words and short phrases, or other items in the public domain, no claim for infringement can lie.  (A. 16-17.)  *See also Feist*, 499 U.S. at 361.

In determining "whether two works are substantially similar – and thus whether any copying was wrongful," courts in this Circuit generally apply the "ordinary observer test" which asks "whether 'the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their

aesthetic appeal as the same.'" *Zalewski*, 754 F.3d at 102 (citation omitted). (*See also* A. 17-18.) In music copyright cases, this test is formulated as "whether the 'defendant took from plaintiff's work so much of what is pleasing to the ears of lay listeners, who comprise the audience for whom such . . . music is composed, that defendant wrongfully appropriated something which belongs to the plaintiff.'" (A. 18 (quoting *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997)).)

Where, as here, the copyrighted work at issue "incorporates significant elements form the public domain" (A. 18), the court "'must be more discerning, and ignore those aspects of a work that are unprotectable' as we apply the [ordinary observer] test, lest we conflate mere copying with wrongful copying." *Zalewski*, 754 F.3d at 102 (citation omitted).[6] Under this "more discerning observer" test, the court "'must attempt to extract the unprotectible elements from [its] consideration and ask whether the protectible elements, standing alone, are substantially similar.'" *Peter F. Gaito Architecture*, 602 F.3d at 66 (quoting *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995)).

However, in applying the "more discerning observer test," Judge Nathan made clear that she would not simply "dissect the works at issue into separate

---

[6] As McDonald himself concedes, here, many elements of McDonald's Song are taken from the public domain. Significantly, McDonald concedes he cannot claim a monopoly over the use of the names of historical figures such as "Martin Luther King" or "Malcolm X." McDonald also admits that the phrase "Made in America" is in the public domain. Thus, the District Court correctly concluded that the "more discerning observer" test applies. (A. 18-19.)

components and compare only the copyrightable elements." (A. 18.) Rather, she "ma[de] sure to engage in a holistic comparison of the two works" to "determine whether any similarities 'are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is to something in the original that is free for the taking.'" (A. 18-19 (quoting *Tufenkian*, 338 F.3d at 134).) Indeed, the District Court was careful to note that "[e]ven if the individual elements that make up Plaintiff's song are uncopyrightable, they may represent a protected selection and arrangement of unprotectable elements." (A. 23.)

The District Court found, nevertheless, that a side-by-side listening of the two songs revealed their "profound dissimilarity," and that no reasonable jury could find that the two songs were substantially similar as a matter of law. (A. 25.)

There can be no dispute that this is the proper analysis in this Circuit for determining substantial similarity in copyright infringement cases. Indeed, the cases cited by McDonald in support of his argument to the contrary – *Boisson*, 273 F.3d at 272-75, and *Knitwaves,* 71 F.3d at 1002-04 (*see* App. Br. at 11-12) – actually applied this test when evaluating the plaintiff's infringement claims.

**B.   The District Court Properly Concluded That No "Substantial Similarity" Exists Between McDonald's Song And Defendants' Song.**

McDonald takes issue with Judge Nathan's alleged application of the "more discerning observer test" to reject his argument that the songs are substantially

similar because "defendants quotation/paraphrasing of Martin Luther King, Malcolm X, Made in America in their song is copied in the same sequence as the plaintiff's song chorus." (App. Br. at 12-13.)

McDonald concedes that he cannot claim copyright protection over the names Martin Luther King, Jr. or Malcolm X, as they are historical figures and their names are historical facts. (A. 21.) Nor does he dispute Judge Nathan's conclusion that the phrase "Made in America" is not copyrightable – either as a title, or as a lyric. (A. 20.) Rather, putting McDonald's claim in the "best possible light" as the District Court did below, "the original expression that Defendants might have taken from his lyrics is a selection and arrangement of public domain elements: the names of Martin Luther King, Jr. and Malcolm X, combined into a hook with the phrase 'made in America.'" (A. 24.) However, as the District Court made clear, "copyright in the selection and arrangement of public domain elements like facts and common phrases is of necessity 'thin'." (A. 24 (quoting *Tufenkian*, 338 F.3d at 136).) Defendants are "free to use the same public domain elements" in their song as McDonald used in his song, as long as they are not selected and arranged in the same way – and, here, the District Court correctly concluded that that are *not*. (A. 24.) In fact, they are expressed quite differently in each song.

A simple comparison of the two songs and their lyrics shows that these unprotectable elements are expressed entirely differently in each work. (*See* SA. 21-24.) In Defendants' Song, these elements are expressed as follows:

> Sweet King Martin
> Sweet Queen Coretta
> Sweet Brother Malcolm
> Sweet Queen Betty
> Sweet Mother Mary
> Sweet Father Joseph
>
> Sweet Jesus
> We made it in America
> Sweet baby Jesus, ooh
> Oh sweet baby Jesus
> We made it in America
> Sweet baby Jesus, ooh
> Oh, sweet baby Jesus,
> We made it in America

(*Id.*)

In contrast, McDonald's Song references these elements in the following completely distinct manner:

> Martin Luther King
> Made in America
> JFK
> Made in America
> Malcolm X
> Made in America
> The wild wild west
> Made in America
> Bobby Kennedy
> Made in America

(*Id.*)

McDonald suggests that it does not matter that names are unprotectable, that the concept of referencing historical figures is expressed differently in both songs, or that entirely different lyrics appear in between these unprotectable names.[7] By McDonald's logic, the fact that both songs reference Martin Luther King *before* Malcolm X and reference Malcolm X *before* "Made in America"/"made it in America" – irrespective of what is in between – is sufficient to maintain a claim for copyright infringement.

What McDonald fails to comprehend is that even if one work "copies" unprotectable elements, and uses them in an unprotectable way, that is still insufficient to state a claim for copyright infringement. The use of historical names is not the basis for an infringement claim. (A. 21.) *See also Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 556 (1985); *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 978-79 (2d Cir. 1980); *Crane v. Poetic Products Ltd.*, 593 F. Supp. 2d 585, 596 (S.D.N.Y. 2009) (emphasizing that "historical figures" are "unprotectable elements"), *aff'd*, 351 F. App'x 516 (2d Cir. 2009) (summary order). The fact that both songs use two of the most prominent names in

---

[7] McDonald makes the bewildering argument that the appearance of other, completely different names and phrases in the two songs somehow "helps to magnify" his contention "that the defendants knowingly and willfully quoted/paraphrased the sequence of his creative expression." (App. Br. at 13.) As the District Court properly held, but for the identified, few, and admittedly unprotectable similarities between these two works, these are two entirely different songs. (A. 27.)

the Civil Rights Movement in the "same order" ignores the fundamental premise that the basic "order" of two unprotectable items is also not protectable – particularly when the alleged similarities are expressed differently and the material that appears between these two unprotectable elements is entirely distinct. (A. 21.) *See also Peters v. West*, 692 F.3d 629, 635-36 (7th Cir. 2012) (dismissing copyright infringement claim where plaintiff alleged that both songs referenced "Supermodel" Kate Moss, had the same title, "Stronger," and both songs used the title in the chorus, because the alleged similarities were individually and collectively insufficient to withstand defendants' Rule 12(b)(6) motion); *Edwards v. Raymond*, 22 F. Supp. 3d 293, 300 (S.D.N.Y. 2014) ("Putting the phrase 'caught up' in a chorus and situating it between two other lines is not an 'original contribution[ ]' eligible for protection by the copyright laws.").

McDonald's Song refers to these two men as "Martin Luther King" and "Malcolm X," with each name (and every other name or phrase used) followed immediately by the phrase "made in America." (SA. 21-24.) In Defendants' Song, Defendants reference Martin Luther King as "Sweet King Martin" – suggesting "royalty" as the District Court noted (A. 24) – and Malcolm X as "Sweet Brother Malcolm" – suggesting beloved family. (SA. 21-24.) These names are followed by Coretta King as "Sweet Queen Coretta," Betty Shabazz as "Sweet Queen Betty," and the biblical figures Mary and Joseph as "Sweet Mother Mary" and "Sweet

Father Joseph." (*Id.*) And, while McDonald suggests that references to Martin Luther King, Malcolm X and "Made in America" are "copied in the same sequence as the plaintiff's song's chorus…" (App. Br. at 12-13), in fact, the different phrase "we made **it** in America" in Defendants' Song does not appear until 6 lines after the references to Martin Luther King and Malcolm X, whereas, in McDonald's Song, the phrase "made in America" appears after every reference (SA. 21-24). None of the other lyrics in these songs – including the significant quantity of lyrics in between the supposedly similar references – are claimed to be similar, nor could they be.

In sum, the District Court properly concluded that a "holistic" review of the works does not reflect the type of unique "selection and arrangement" that would elevate these public domain elements to protectable expression that is substantially similar as a matter of law. (A. 24-26.) The District Court's decision was entirely proper and should be affirmed.

### C. The District Court Properly Held That Themes Are Unprotectable And, In Any Event, The Songs Do Not Share A Theme.

McDonald's second and final basis for appeal is that the District Court erred in concluding that the two songs do not share a theme, contending that Judge Nathan misidentified the "predominant theme" in McDonald's Song. (App. Br. at 13-15.) However, a side-by-side comparison of the two works leads to the same

27

inescapable conclusion reached by Judge Nathan – *i.e.*, that "[McDonald's] and Defendants' song do *not* share a theme" (A. 25.)  Moreover, McDonald's criticism of the District Court represents a fundamental misunderstanding of copyright law.

As the District Court correctly explained, themes are not protectable but, rather, "fall into the category of uncopyrightable ideas." (A. 17.)  *See also Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48-49 (2d Cir. 1986); *Hoehling*, 618 F.2d at 979.  McDonald does not cite a single authority to the contrary.  That is because there is no authority to counter this fundamental tenet of copyright law.

On appeal, McDonald claims (for the first time) that his theme is "who and what's 'Made in America' because of the conditions in America" and that, somehow, Defendants' Song "shares the same theme" because West and Carter "speak of the condition of their lives…because of the conditions in America." (App. Br. at 14.)  McDonald's efforts to connect the two songs with an impossibly broad "theme" actually underscores why such "themes" are unprotectable.  One cannot possibly own the idea of the "conditions in America." In fact, even if the two songs shared this theme of the "conditions in America" – which they do not – McDonald concedes that this supposedly similar theme is expressed differently in each work.  (*See* App. Br. at 15.)  Thus, no claim for infringement can be based on this allegedly similar "theme."

Yet the District Court went further and engaged in a "holistic comparison" of the songs' lyrical themes to determine whether the lyrics of each work were "substantially similar." The District Court properly held that the two songs do not share a theme, "as a cursory read of the full lyrics…would establish to any reasonable jury." (A. 25.) The District Court reviewed the full lyrics and noted that McDonald's references are many – from Martin Luther King, Jr., to the "atomic bomb" "soccer moms," "the wild wild west," "JFK," "dresses for the prom" – with each reference followed by the phrase "made in America." (SA. 21-24.) There is no narrative or exposition other than this simple, repetitive statement after each reference other than the one verse quoted below.

The District Court held that McDonald's Song, as expressed in the following verse, "asks America to live up to its positive qualities, exemplified by the Civil Rights era figures like Dr. King and JFK, rather than its negative ones":

> United States of America
> Fought for independence
> What's the state of America
> Past future present
> We need to be what we say we are
> That's one nation
> Where color of skin doesn't matter
> Just one's character, yeah

(A. 25.)

In contrast, in examining Defendants' Song, the District Court properly noted a very different narrative – West's and Carter's "gritty and complicated

29

experience of the American dream." (A. 25.) The lyrics of Defendants' Song are much more complex, as each verse contains individual autobiographical accounts by West and Carter of their humble beginnings to their current positions of prominence in the music industry – suggesting that their stories are only possible in America by virtue of the struggles of figures like "Sweet King Martin" and "Sweet Brother Malcolm." (*See* A. 25; SA. 21-24.) Hence, they "made **it** in America." Indeed, the lyric in Defendants' Song, that "**we made it** in America," further supports the distinct autobiographical themes of West's and Carter's respective successes laid out in each rap verse.

A sample verse – of Carter's experiences – is quoted below and demonstrates how these are vastly different works:

> I pledge allegiance, uh, to my Grandma
> For that banana pudding, our piece of Americana
> Our apple pie was supplied through Arm & Hammer
> Straight out the kitchen, shh don't wake Nana!
> Built a republic, that still stands
> I'm trying to lead a nation, to leave to my little man's
> Or my daughter, so I'm boiling this water
> The scales was lopsided, I'm just restoring order
> Hold up, here comes grandma, what's up YaYa?
> What's that smell? Oh I'm just boiling some agua
> No papa, bad Santa
> The streets raised me, pardon my bad manners
> I got my liberty, chopping grams up
> Street justice, I pray God understand us
> I pledge allegiance to all the scramblers
> This is the Star Spangled Banner

(SA. 21-24.)

This Court can review the lyrics for itself and determine that the District Court properly held that "Defendants' lyrics outside of the specific phrases pointed to by Plaintiff have nothing in common with anything in Plaintiff's song." (A 26.) *See also Edwards v. Raymond*, 22 F. Supp. 3d 293, 301 (S.D.N.Y. 2014) (rejecting plaintiffs' claim that the songs were substantially similar because both songs use the phrase "caught up" and "tell the story of 'a man caught up in love'" because the phrase "caught up" is not copyrightable, "[t]hemes are not independently protectable" and "the Plaintiffs have not shown any misappropriation of any protected expression of that theme through original arrangement or other contribution by the Plaintiffs").

Moreover, a comparison of the "total concept and overall feel" of the two songs "with good [ears] and common sense" reveals that "no average lay observer would recognize [Defendants' Song] as having been appropriated from [McDonald's Song]" by any stretch of the imagination. *Peter F. Gaito Architecture*, 602 F.3d at 67) (citation and quotations omitted). Defendants maintain that this Court will also hear for itself that these are two entirely different songs, and no reasonable person could conclude that Defendants' Song is substantially similar to McDonald's Song. Accordingly, McDonald's claim fails as a matter of law and dismissal at this stage was proper.

## **CONCLUSION**

In a comprehensive and well-reasoned opinion, the District Court carefully analyzed both songs and properly concluded that McDonald failed to plead any protectable similarities between the two works and that no reasonable jury could conclude that the songs are substantially similar as a matter of law. McDonald offers no valid reason to overturn that decision, and this Court can hear for itself that the lower court's decision was entirely proper. Because there are no protectable similarities – let alone substantial similarities – between McDonald's Song and Defendants' Song as a matter of law, the District Court's decision should be affirmed in its entirety.

Dated:     New York, New York
           May 19, 2016

                              PRYOR CASHMAN LLP

                              By: */s/ Ilene S. Farkas*
                                    Brad D. Rose
                                    Ilene S. Farkas
                                    Rebecca M. Siegel
                              7 Times Square
                              New York, New York 10036
                              (212) 421-4100

                              *Attorneys for Defendants-Appellees Kanye West, Jay-Z, a/k/a Shawn Carter, UMG Recordings, Inc., Roc-A-Fella Records, LLC, Def Jam Recordings, Roc Nation LLC and Mike Dean*

## <u>CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains approximately 7,395 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point font.


Dated:      New York, New York
            May 19, 2016

                              PRYOR CASHMAN LLP

                              By: */s/ Ilene S. Farkas*
                                    Brad D. Rose
                                    Ilene S. Farkas
                                    Rebecca M. Siegel
                              7 Times Square
                              New York, New York  10036
                              (212) 421-4100

                              *Attorneys for Defendants-Appellees Kanye West, Jay-Z, a/k/a Shawn Carter, UMG Recordings, Inc., Roc-A-Fella Records, LLC, Def Jam Recordings, Roc Nation LLC and Mike Dean*